## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                            Case No. 8:07-cr-107-T-17EAJ

**TERRENCE TAYLOR,**

      Defendant.
_____/

## O R D E R

THIS CAUSE is before the court on Defendant Taylor's **Motion to Set Reasonable Bail** (Doc. 44) and the government's response in opposition (Doc. 45). By his motion, the Defendant outlines ties to the Middle District of Florida and offers up certain conditions of release to assure his appearance at future proceedings before the court.[1]

The Defendant stands indicted for conspiring to possess with intent to distribute 500 grams or more of a mixture containing cocaine. Additionally, the government has filed a notice of prior conviction pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. (Doc. 53). Heretofore the court entered an order directing the Defendant's detention during pretrial proceedings on the basis of his failure to overcome the statutory presumptions that pertain in a drug case such as this. However, the court granted leave to counsel to revisit the matter should circumstances warrant. (Doc. 25).

Upon consideration, the Defendant now proposes substantial conditions of release which likely permit him to overcome the statutory presumption that he is a risk of

---

[1] Particularly, Defendant claims lifelong ties to the district, a "committed relationship" with another individual with whom he has two children, and employment opportunities in the Middle District should he be released. Additionally, the motion offers up equity in real property of a third party as security for Mr. Taylor's release.

flight. However, the Defendant does not overcome the presumption that he continues to be a danger to the community of further criminal activity should he be released. As reflected in the Pretrial Services report, the Defendant has a significant criminal history including violent crimes and at least one prior conviction involving cocaine. Subsequent to the initial proceedings, the court received a copy of a confidential criminal intelligence memorandum from the Bureau of Classification and Central Records of the Florida Department of Corrections. The memorandum reflects on the Defendant's long standing membership in a street gang and other pertinent information.[2] Further, a review of Defendant's criminal history indicates that he has not done well under previous probation supervision and is unlikely to do well on pretrial release supervision. In all the circumstances, the court concludes that while it is unlikely that the Defendant will flee, it is highly likely that he will again engage in criminal conduct should he be released. Accordingly, the court again concludes that the Defendant has not overcome this statutory presumption and accordingly, the **Motion to Set Reasonable Bail** (Doc. 44) is **DENIED**.

      **Done and Ordered** in Tampa, Florida, this 15th day of May 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Jeff Downing, Assistant U.S. Attorney
Fred Vollrath, Counsel for Defendant

---

[2] A copy of the security memorandum is available for defense counsel's review at the Pretrial Services office.